UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID MICHAEL AARON BAKER,<br><br>Plaintiff,<br><br>v.<br><br>BERNARD EDWARD WARNER,<br>JEFFREY A. UTTECHT,<br><br>Defendants. | CASE NO. C15-5298 RJB-KLS<br><br>**REPORT AND RECOMMENDATION**<br>**NOTED FOR:  JULY 24, 2015** |

Before the Court is Plaintiff's Rejection to Notice of Removal/Motion.  Dkt. 7.  The Court recommends that the motion to remand be denied.

**BACKGROUND**

On May 5, 2015, Defendants Bernard Edward Warner and Jeffrey A. Uttecht filed a notice of removal of Plaintiff's Thurston County Superior Court case (No. 15-2-00339-6) to this Court and provided a notice of the removal to Plaintiff David Michael Aaron Baker.  Dkts. 1 and 2.  On the same day, Defendants filed their answer to Plaintiff's complaint.  Dkt. 3.  On May 18, 2015, Mr. Baker filed a "Rejection to Notice of Removal."  Dkt. 7.

Mr. Baker concedes that his case alleges a violation of civil rights under 42 U.S.C. § 1983 as well as state law claims.  He alleges that his rights under the First Amendment of the United States Constitution were violated and that his rights under Washington state's constitution

1 and "Washington State Law 9.81.120" were also violated. Dkt. 7, at 2. Mr. Baker states that
2 there are no geographical concerns to support a change in venue because Mr. Warner is located
3 in Thurston County where his lawsuit was filed. *Id.*, at 2-3.

### DISCUSSION

5      Federal district courts of the United States have "original jurisdiction of all civil actions
6 arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §§ 1331
7 (Federal Question Jurisdiction). A case filed in state court may be removed to federal court
8 automatically if the civil action raises at least one issue of federal law. *Id.*; *City of Chicago v.*
9 *International College of Surgeons*, 522 U.S. 156, 163, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997).
10 Cases that include state and federal claims are removable if the state laws claims are derived
11 "from a common nucleus of operative fact". *City of Chicago*, *supra* at 164 (ancillary jurisdiction
12 exists over state law claims). Removal of a civil action over which district court has original
13 jurisdiction is not dependent on diversity of citizenship or an amount in controversy. 28 U.S.C.
14 §§ 1331, 1332. Original jurisdiction is not discretionary; therefore, once it is determined that
15 original jurisdiction exists, remand of the entire case to state court is not authorized. *See*
16 *Brockman v. Merabank*, 40 F.3d 1013, 1017 (9th Cir.1994).

17      In cases removed to federal court, once the federal question is resolved, the court has
18 supplemental jurisdiction over remanding state claims. 28 U.S.C. § 1367(a). Supplemental
19 jurisdiction is discretionary; district court may remand remaining state claims to state court if
20 remand "best accommodates the values of economy, convenience, fairness, and comity."
21 *Carnegie–Mellon v. Cohill*, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988); see
22 also 28 U.S.C. § 1367(c).

23      In this case, removal was appropriate because, at the time he filed his complaint, Mr.
24 Baker set forth his "federal constitutional claims" pursuant to 42 U.S.C. § 1983. Dkt. 1-1, at 14-

21.  This court has original jurisdiction over his federal claims and Mr. Baker's state law claims derive from the same operative facts.  Mr. Baker chose to plead a violation of his federal First Amendment rights.  "As the master of the complaint, a plaintiff may defeat removal by choosing not to plead independent federal claims." *Arco Environmental Remediation, L.L.C. v. Dep't of Health and Environmental Quality*, 213 F.3d 1108, 1114 (9th Cir. 2000).

## CONCLUSION

Plaintiff's motion to remand should be **DENIED.**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R.Civ.P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **July 24, 2015**, as noted in the caption.

DATED this 2nd day of July, 2015.

Karen L. Strombom
United States Magistrate Judge